**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| JOSE ARRIAGA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )    No. 10 C 779 |
| | ) |
| ELITE CONSTRUCTION COMPANY, INC., | ) |
| | ) |
| Defendant. | ) |

**<u>MEMORANDUM OPINION</u>**

Before the court is plaintiff's petition for attorneys' fees. This is an action for unpaid overtime wages pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 <u>et seq.</u>, and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 <u>et seq.</u> Plaintiff, Jose Arriaga, worked as a manual laborer for defendant Elite Construction Company, Inc. ("Elite") from 2007 to 2009. We held a bench trial and found in favor of the plaintiff as to 33 hours of overtime that had been recorded on time sheets and that Elite conceded it owed and had not paid. We found in favor of Elite as to the remainder of plaintiff's claim, where plaintiff sought overtime pay for hours that he claimed had not been recorded on his time sheets. We entered judgment in favor of plaintiff and against defendant in the amount of $712.80 and took under advisement the issue of attorneys' fees. We anticipated that the parties would confer and attempt in good faith to agree on the amount of fees to be awarded, as is contemplated by Local Rule 54.3

(the "Rule").

Plaintiff subsequently filed a motion seeking instructions from the court pursuant to section (g) of the Rule, stating that he had furnished defendant with all of the information required by section (d) for a pre-motion agreement, that no agreement had been reached, and that defendant had failed to furnish plaintiff with information regarding its time and work records and evidence of hourly billing rates and expenses as required by the Rule. Plaintiff also noted that defendant (at that time) had indicated that it did not dispute the reasonableness of plaintiff's attorneys' or paralegal's hourly rates, nor did it dispute the reasonableness of the number of hours spent by plaintiff's counsel on the matter; rather, defendant contested whether it was responsible for all or part of plaintiff's requested fees and costs. Plaintiff requested instruction from the court on how to proceed and whether it should file a fee motion without first obtaining the joint statement that the Rule calls for. We held a hearing on plaintiff's motion; defendant's counsel failed to appear. We set a schedule for cross-briefs setting forth the parties' positions on attorneys' fees and cross-responses. Plaintiff filed the instant motion and memorandum in support; defendant did not file an initial brief, but a "combined statement of position and response" brief, and plaintiff then filed a reply.

Plaintiff seeks $41,531.00 in attorneys' fees for legal work

performed from January 4, 2010 (a month before this suit was filed) through November 8, 2011, representing a total of 134.2 hours expended by two attorneys, Marty Denis and Bethany Hilbert, and, to a minimal extent, their paralegal. Attached to the fee motion (and the reply, with respect to work done on the instant motion) are their detailed billing records for this case. Mr. Denis was admitted to the Illinois bar in 1970 and has been practicing employment law for over thirty years. He has been a managing partner of the Chicago office of the Barlow, Kobata & Denis law firm (the "Barlow firm") since 1997. Ms. Hilbert was admitted to the Illinois bar in 2003 and has been employed by the Barlow firm as an associate practicing employment law since 2004. Plaintiff seeks a fee award at counsel's current hourly rates: $500 per hour for Mr. Denis, $280 per hour for Ms. Hilbert, and $135 per hour for paralegal time.

The FLSA provides that the court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). The IMWL states that if an employee is paid by his employer less than the wage to which he is entitled under the statute, "the employee may recover in a civil action the amount of any such underpayments together with costs and such reasonable attorney's fees as may be allowed by the Court . . . ." 820 ILCS 105/12(a).

Elite does not dispute that plaintiff was the prevailing party at trial, and it has no quarrel with the hourly rates requested by plaintiff,[1] but it urges us to focus on the requirement that the fee award be reasonable.  It points to plaintiff's November 2010 settlement demand of $2,592 for plaintiff's overtime and liquidated damages and $8,388.18 in attorneys' fees.  Defendant characterizes this demand, which was made after plaintiff had filed the complaint and a motion for default judgment,[2] as "exorbitant" and argues that it was left with "with no choice but to defend" and that it "never had any opportunity to settle this claim based on its actual merits."  (Def.'s Combined Statement at 2, 4.)  According to defendant, plaintiff coupled a "valid" claim (for the 33 hours of overtime as to which defendant conceded liability at trial) with an "unsubstantiated" claim (for overtime hours worked that had not been recorded by anyone), thus "forcing a trial."  (Def.'s Combined Statement at 2.)

Defendant also urges us to consider why plaintiff's counsel spent "so many hours of such sophisticated legal talent for such a simple claim," and, while acknowledging that "it certainly takes more to present a plaintiff's case," submits that it spent just $13,885 in defense of the case, "not including preparing for the

---

[1]  Defendant "makes no argument as to the talent and qualifications of Mr. Denis, Ms. Hilbert, or their paralegal, and has no doubt that their hourly rate is customary for their level of expertise."  (Def.'s Combined Statement at 4.)

[2]  Plaintiff withdrew the motion for default judgment after it evidently got defendant's attention and defendant began to participate in these proceedings.

defense of plaintiff's fee petition." (Def.'s Combined Statement at 4, 5.) Attached to defendant's brief as Exhibit B is the billing history and time records for Robert Leoni, defendant's counsel, which show a total of $15,235.00 in legal fees, including work done on plaintiff's fee petition. Defendant asserts that due to an unspecified "email problem with the Clerk of the Court," it "did not receive plaintiff's fees and costs until October 13, 2011," and therefore that its own time records have been "submitted in a timely manner." (Def.'s Combined Statement at 3, 6.)

As for plaintiff's counsel's time records, defendant does not point to any of plaintiff's attorneys' time entries and argue that they were excessive, nor does it suggest what a reasonable award should be; rather, it simply requests that we "deny" plaintiff's petition for fees. Defendant also states that it "is not urging that fees be determined in proportion to the verdict" but that the fee petition "should be considered in light of the plaintiff's management of this case." (Def.'s Combined Statement at 6.)

In the court's view, plaintiff's counsel managed this case fairly well, given defendant's reluctance to cooperate in the litigation. To begin with, defendant failed to answer the complaint, which caused plaintiff to incur fees related to the preparation of a default motion. We then held a status hearing in September 2010; defendant's counsel did not appear. Plaintiff's counsel indicated that it had been expecting payroll records from

defendant but had not yet received them, so we ordered defendant to provide copies of those records, or to make them available, within fourteen days. Those records were produced, and plaintiff then made the settlement demand discussed above. Defendant did not respond to it. At a status hearing in December 2010, defendant indicated that it did not wish to settle, noting that the bulk of plaintiff's claim was for attorney's fees. Defendant also indicated that it did not intend to make any settlement offer, so we set a discovery cutoff date.

On January 4, 2011, plaintiff served defendant with interrogatories and requests for production of documents. On February 9, 2011, plaintiff sent defendant a letter requesting responses to the discovery requests. Plaintiff got no answer, so it sent a second letter on February 17. Defendant still did not respond, so plaintiff filed a motion to compel discovery responses. Only then did defendant cooperate, and plaintiff withdrew the motion. We set a July 2011 jury trial date.

Shortly before trial, plaintiff moved for summary judgment on the 33 hours of unpaid overtime plaintiff had worked that appeared on defendant's own business records. On July 13, we held a hearing on the motion and decided to take it with the trial. Notably, defendant did not concede liability even at that point for the 33 hours of unpaid overtime. Both parties waived a jury, and we proceeded to a bench trial on July 19, 2011. Not until defendant

made its opening argument at the trial did it first state that it did not contest liability for the 33 hours of unpaid overtime.

Regardless of the fact that plaintiff prevailed on just a portion of his claim for overtime pay, he is nonetheless a prevailing party, and we agree with plaintiff that defendant "chose a non-responsive and non-cooperative approach that forced [p]laintiff's attorneys[] to expend substantially more time litigating this matter." (Pl.'s Mem. at 7.) Defendant maintains that "plaintiff decided to roll the dice with an unsubstantiated claim and hoped, together with counsel, to hit the jackpot at trial." (Def.'s Combined Statement at 2.) It seems to us, rather, that it is *defendant* who rolled the dice by causing plaintiff to incur needless attorneys' fees in several instances.

We reject defendant's contentions that plaintiff "forced" it to go to trial and that it never had an opportunity to settle the case on its "actual merits." Defendant had ample opportunity to settle the case early on; it chose not to respond to plaintiff's demands or to make its own settlement offer. Furthermore, it waited until trial to concede liability for the 33 hours of overtime. And in its handling of the fee-award issue, defendant continued to employ its uncooperative litigation approach. Defendant failed to produce its time and work records and evidence of hourly billing rates and expenses to plaintiff as required by Local Rule 54.3; only now does it do so, but it still contends that

they are somehow "timely." They are not timely, and they will be disregarded. Plaintiff notes that it sent its Local Rule 54.3 materials directly to defendant's counsel's e-mail address, not through the court's ECF filing system, and that defense counsel acknowledged receipt of those materials in an August 2011 telephone conversation. Defendant's counsel was well aware of the fee award plaintiff was seeking and its basis prior to plaintiff's filing of the fee motion.

To support their requested hourly rates, plaintiff's counsel have provided their own affidavits as well as a third-party affidavit attesting to their billing rates. Defendant concedes that the requested hourly rates are reasonable. Moreover, we have reviewed the time records submitted by plaintiff's counsel. They are sufficiently detailed, support the fees requested, and do not appear to include duplicative or unnecessary work. Plaintiff's counsel staffed the case leanly, and Ms. Hilbert, the associate assigned to the matter, did a majority of the work, which kept fees down.

Defendant insists that its opposition to a fee award is not based upon proportionality to the judgment, and that it simply objects to plaintiff's counsel's case management. (Def.'s Combined Statement at 6.) But the gist of defendant's argument does center on proportionality; it characterizes plaintiff's claim as "*de minimis*" and contrasts it with the fee award that is sought.

(Def.'s Combined Statement at 4.)   The Seventh Circuit has addressed this kind of argument and stated:   "Reasonableness has nothing to do with whether the district court thinks a small claim was 'worth' pursuing at great cost.   Fee-shifting statutes remove this normative decision from the court.   If a party prevails, and the damages are not nominal, then Congress has already determined that the claim was worth bringing."   Anderson v. AB Painting and Sandblasting Inc., 578 F.3d 542, 546 (7th Cir. 2009).

Here, plaintiff prevailed; his damages were not great, but they were not nominal, and he was also awarded liquidated and punitive damages.   This was a simple case, but it was made much more complex by defendant's litigation tactics.   We find that, under the circumstances, the time spent on the case by plaintiff's counsel was reasonably expended in pursuit of the relief he obtained.   Accordingly, plaintiff's petition for attorneys' fees will be granted.

## CONCLUSION

Plaintiff's petition for attorneys' fees [40] is granted, and plaintiff is awarded fees of $41,531.00.

DATE:     September 4, 2012

ENTER:   _____

John F. Grady, United States District Judge